IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 4:98-240-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| James Harrison Singletary, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion titled "Motion to Relinquish [sic] Armed Career Offender Enhancement Due to Governments [sic] Lack of Jurisdiction to Impose Recidivist Provision." ECF No. 105 (filed Mar. 22, 2012). Defendant contends he is "actually innocent" of being an armed career criminal because, he maintains, "[t]he prosecutor improperly relied on predicates that were never applicable" under the Armed Career Criminal Act ("ACCA"). Mot. at 2.

This motion is, in reality, a motion for relief under § 2255, as it challenges the validity of Defendant's sentence, imposed almost fourteen years ago. Defendant filed a § 2255 motion which was decided against him on the merits in 2001. *See Singletary v. United States*, D.S.C. Civil Action No. 4:00-2332-22.

Because the current motion is, in reality a second or successive motion for relief under § 2255, Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or

successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Defendant's motion is **dismissed without prejudice** as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 2, 2012